STATE v. KENNETH D. RUEGEMER.

238 N. W. 2d 868.

January 16, 1976—Nos. 45438, 45390.

---

*John F. Bonner, Jr.,* for appellant.

PER CURIAM.

These appeals follow a prosecution for violation of Minn. St. 169.09, subd. 2, the hit-and-run statute. A Hennepin County Municipal Court judge, who heard the case without a jury, found defendant guilty of this charge and also of a charge of breach of peace, Minneapolis Code of Ordinances, § 870.060. Defendant appealed both convictions to district court, demanding a jury trial on both charges. The district court granted a jury trial on the ordinance charge, citing Minn. St. 488A.10, subd. 6, and 488.20, which together provide that a defendant charged with an ordinance violation in Hennepin County Municipal Court is not entitled to a jury trial in that court but that he does have a right of appeal to district court with jury trial in district court. However, the court denied defendant's request for a jury trial on the statutory charge, ruling that defendant had no right of appeal to the district court because there was no statute permitting it. The court stated that this did not deny defendant his right to a jury trial under Minn. Const. art. 1, § 6, because defendant was entitled to a jury trial on that charge in municipal court and had waived it.

In order to protect his rights, defendant has filed two appeals. One appeal is from the district court's order. On this appeal defendant claims that the statutory charge is impossible to separate from the ordinance charge and that therefore the district court erred in denying the appeal and jury trial on the statutory charge. The other appeal is from municipal court. In that appeal defendant claims that there was insufficient evidence that he violated the statute.

We agree with the district court that the proper procedure under the statutes was for defendant to appeal the conviction of the statutory charge directly to this court, not to the district court.[1] Reaching the merits of defendant's appeal from the conviction, we hold that there

---

[1] Under Rule 26, Rules of Criminal Procedure, defendant would have been entitled to a jury trial on both charges in municipal court, and his appeal would have been to district court on the record under Rule 28.01. The rules did not go into effect until July 1, 1975, and have no application to this case.

was sufficient evidence to justify a guilty verdict on the hit-and-run charge. We therefore affirm both the district court's order and the judgment of conviction entered in municipal court.

Affirmed.